UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GEORGE S. LOUIE,

        Plaintiff,

   v.

EXIDE TECHNOLOGIES,

        Defendant.

NO. CIV. S-06-1591 FCD KJM

<u>ORDER</u>

----oo0oo----

    The court has reviewed defendant's notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441(a) and 1446 based on federal question jurisdiction. The court finds that the underlying complaint, alleging causes of action for (1) violation of the California Disabled Persons Act (California Civil Code § 54 et seq.), (2) violation of the Unruh Civil Rights Act (California Civil Code § 51 et seq.), (3) denial of full and equal access to a person with physical disabilities in a public facilities (California Health & Safety Code §§ 19955 et seq.), and (4) negligence, does not present a federal question and is therefore

improperly before this court.[1]  Accordingly, the court REMANDS this action back to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED: July 19, 2006

                                      /s/ Frank C. Damrell Jr.
                                      FRANK C. DAMRELL, Jr.
                                      UNITED STATES DISTRICT JUDGE

---

[1] Defendants reliance on <u>Pickern v. Best Western Timber Cove Lodge Marina Resort</u>, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), is misplaced. In <u>Pickern</u>, the court held that it did not have federal question jurisdiction over similar state law claims for damages. <u>Id.</u> While the court hypothesized, without citation, that a federal court may have original jurisdiction over a state claim for injunctive relief, the court did not reach the issue. <u>Id.</u> at 1132 n.5.